Concerning appellants' first assignment of error, I agree with the conclusion of the majority that appellants did not properly preserve the hearsay issue for appellate review. For that reason alone, I do concur in the judgment only.
The majority goes on to also conclude "[t]he only exception which could possibly allow for the admission of the statements attributed to a deceased donor is that found in Evid.R. 804 (B) (5) which permits such hearsay evidence only when the estate or personal representative of the decedent is a party and only to rebut an attack upon the decedent." (Emphasis sic.) Majority Opinion, p. 5-6. Given appellants' failure to properly preserve the issue for appeal, I feel it is unnecessary to make a finding concerning the admissibility of the statements. However, since I believe the conclusion reached by the majority concerning the admissibility of the statements is not entirely correct, I feel compelled to comment separately thereon.
I would find that the statements were admissible under the exception to the hearsay rule found in Evid.R. 804 (B) (3). That provision states in relevant part:
"(B) Hearsay exceptions.
 "The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
"* * *
 "(3) Statement against interest. A statement that was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true. * * *"
There is little case law interpreting or applying Evid.R. 804 (B) (3) in the context of a civil case. The issue did arise inTrimble v. Stewart (Feb. 12, 1988), Geauga App. No. 1327, unreported, 1988 WL 14074. That case involved a declaratory judgment action brought by a relative of the decedent against the administrator of the decedent's estate. The administrator assigned as error the trial court's admission, over objection, of two letters written by the decedent tending to establish the nonexistence of a gift from appellee to the decedent. The Eleventh District Court of Appeals found that the evidence was inadmissible under the exception set forth in Evid.R. 804 (B) (5). However, the court went on to find that the letters were admissible under the exception set forth in Evid.R. 804 (B) (3).
In this case, the decedent allegedly stated that he wanted appellee to have all of his money. I would characterize this statement as a statement that was at the time of its making so far contrary to the decedent's pecuniary or proprietary interest that a reasonable person in the decedent's position would not have made the statement unless the decedent believed it to be true.
Accordingly, I would find that the hearsay statements were nevertheless admissible under the exception set forth in Evid.R. 804 (B) (3).
APPROVED:
 __________________________________ Gene Donofrio Judge